MERRITT and another v. THE FARMERS FIRE INSURANCE
and LOAN COMPANY and others.

Where a person holds land in his own name, but is only a trustee, and dies, leaving a will, the rule is that the legal estate in such lands will pass by such general words as are sufficient to comprehend it in legal construc.ion, unless, from circumstances appearing on the face of the will, it can be collected that the testator meant to devise his own property only and not property which he held as a trustee. If this should be apparent from the will, the legal title of trust property will not pass by the will, although general words are used sufficiently comprehensive to embrace the lands. The circumstances which weigh against the presumption are a charge of debts, limitations in strict settlement or any other disposition inconsistent with the idea of its being trust property and which leads to the inference that the testator could not have intended to give the legal estate of such property. The Farmers F. I. and Loan Company foreclosed a mort age upon lands, and E. T., their president, bought the same in his own name and had it so conveyed : but. in truth, for the company. E. T. died before it could be made over to the company ; and he left a wi l wherein he bequeathed and devised his personal property and real estate, by the description of " all my real estate," to executors upon trust for his children (some of whom were infants.) Upon a sale of the said lands, it was held that the title and conveyance must come from the children of E. T. and did not pass to the executors under his will. The company were directed to join in a release, with warranty and the guardian *ad litem* for such of the children as were infants was required to join in and execute a conveyance on their part.

Bill for a specific performance.

O. E. mortgaged property at Buffalo to the Farmers Fire
Insurance and Loan Company. They had to foreclose;
and on the twenty-seventh day of August, one thousand
eight hundred and thirty-four, the land described in the bill
(forming part of the property mortgaged and foreclosed)
was sold under a decree by Master Ford—and Elisha
Tibbits, then the president of the Farmers Fire Insurance
and Loan Company, and acting for them and not on his own
behalf, purchased it. The property was conveyed by the
master to Elisha Tibbits, in his individual capacity and
without describing him as the president of the Farmers Fire
Insurance and Loan Company.

In the month of February, one thousand eight hundred
and thirty-five, and while the lands were still in his name,

December 8,
1835.

Specific per-
formance.
Will.
Trustee.

Elisha Tibbits died.   He left a widow and five children—— some of them being under age.   He had made his will so as to pass his real estate; and devised such, (his) real estate to George Tibbits, Jacob L. Lane and John T. Mc Coun, upon trust for his children, and these gentlemen were also appointed executors.   The will was proved by only two of them: Mr. Lane declining to act.

In March, one thousand eight hundred and thirty-five, the complainants, William T. Merritt and Isaac Merritt, purchased the property referred to in the bill (and which had been so taken in the name of the said Elisha Tibbits) of the Farmers Fire Insurance and Loan Company for thirteen thousand dollars; and paid down, as part of the consideration, the sum of four thousand four hundred dollars.   By the agreement of purchase, the company were to give a good title and a deed with full covenants and warranty.

A deed of the premises, in the names of George Tibbits and John T. Mc Coun, as two of the executors of Elisha Tibbits, deceased, to the Farmers Fire Insurance and Loan Company, was made out, executed and acknowledged; and the widow of Mr. Tibbits released her dower to them by a quit claim deed.   The Farmers Fire Insurance and Loan Company then executed and tendered a deed to the complainants: but the latter, through their counsel, contended that this would not perfect the title: 1. Because Elisha Tibbits bought for the company and he was a trustee for them and the property could not pass under his will, not being his own estate, and therefore it was necessary for the children of Elisha Tibbits to join (some of whom were infants;) and, 2. That even if the executors of Elisha Tibbits could give a conveyance, all three of them, being trustees, ought to join.

Mr. *Charles Edwards*, for the complainants.

Mr. *John L. Graham*, for the Farmers Fire Insurance and Loan Company.

Mr. *W. H. Bulkley*, for the infant children of Elisha Tibbits.

THE VICE-CHANCELLOR:—From the admissions in the answer of the Farmers Fire Insurance and Loan Company, and the proofs in the cause, it is very clear that Elisha Tibbits was merely the agent of the company, in making the purchase of the land in question, and that the title which he took in his own name was in trust for the company. Although there was no express acknowledgment or declaration of the trust in writing, yet a trust resulted by implication of law from the nature of the transaction, and which, by the Revised Statutes, in certain cases, is admissible and such as this court will enforce against the party and volunteers under him, but not to the prejudice of a purchaser in good faith for a·valuable consideration and without notice of the trust: 1 R. S. 728, § 53, 54. Hence, Mr. Tibbits is to be regarded as the trustee of this property at the time of his death, with the legal title standing in his name, although for the benefit of the Farmers Fire Insurance and Loan Company.

The first question then is : whether the title passed to and vested in his executors by the devise to them contained in his will or whether it descended to his children as his heirs at law ? If it went to the former, they were competent to convey to the company ; but if to the latter, then nothing has yet been done to vest the company with the legal title from the heirs.

With respect to the legal estate which was vested in a testator as a trustee: the question has been presented in a great many cases whether it passed by the will; and the modern decisions appear to have established the rule that such legal estate will pass by such general words as are sufficient to comprehend it in legal construction, unless, from circumstances appearing on the face of the will, it can be collected that the testator meant to devise his own property only and not property which he held as a trustee. If this should be apparent from the will, the legal title of trust property will not pass by the will, although general words are used sufficiently comprehensive to embrace the lands : Marlow v. Smith, 2 P. W. 198 ; Ex parte Morgan, 10 Ves. 101 ; Braybroke v. Inskip, 8 Ib. 417. The circumstances which weigh against the presumption are, a charge of debts,

1835.

MERRITT
v.
FARMERS
FIRE INS. &
LOAN CO.

limitations in strict settlement or any other disposition inconsistent with the idea of its being trust property and which leads to the inference that the testator could not have intended to give the legal estate of such property: 3 Preston on Abstracts, 240.

In the present case, the will of Mr. Tibbits disposes of the property devised by it to the executors in such a way as show, very clearly, that the lands in question were not intended by him to pass by the devise. The bequest and devise are of the residue of his personal estate, after a portion is specifically given to his wife, and of "all my real estate whatsoever and wheresoever," unto the executors, in trust to sell, and, until sold, to improve and rent the same. and to divide the rents, income and profits equally among his wife and children :—evidently intending thereby to give to his executors only such property as he held in his own right and which he could safely direct to be converted into money and distributed in his family and to be held and enjoyed by them absolutely for their own use.

If the lands in question are embraced in this devise, the executors take the same in trust for the purpose of a sale and distribution according to the will. But as this would be inconsistent with the trust which was in the testator and the equitable ownership in the Farmers Fire Insurance and Loan Company, the presumption is that he did not intend to include it in the general words "all my real estate ;" and, consequently, the legal title did not vest in the executors by virtue of the will. It remained in the testator unaffected by that instrument and devolved upon his children at his death as his heirs at law. The executors, therefore, had no title in them to convey ; and none passed by their deed to the company. It is unnecessary to consider whether the two executors, who proved the will and took upon themselves the office and trust, could make a sufficient conveyance, since, if they had all united in the deed, it would have been of no avail. The company should have looked to the heirs at law and procured from them a conveyance of the legal estate. Although some of them were minors, the company could have compelled a conveyance under the statute in relation to infant trustees : 2 R. S. 194, § 167, 168.

As it is not denied but what the complainants are entitled to a specific performance of their contract as against the company, the latter having tendered a deed on their part, although it was insufficient to pass the title, (because it was not in them) and as all proper parties are now before the court, there can be no difficulty in making a decree, which shall bind the rights of all and secure to the complainants an effective title.

The statute just referred to gives authority to this court to compel infants seized or possessed of lands in trust for others to convey and assure such lands to any other person in such manner as the court shall direct; and declares that every conveyance or assurance made pursuant to such order shall be as good and effectual in the law as if the same were made by such infants when of lawful age. This may be done on the petition of the guardian of the infant or of any person in any way interested. The complainants are here interested and the case is sufficiently before the court, upon the pleadings and proofs in the cause, to authorize its interference and to warrant a decree at once for this purpose.

The form of the conveyance must be settled by a master, to be executed by the children of Mr. Tibbits, as trustees in his place. Such of them as are under age will have to execute it by their guardian *ad litem: Livingston* v. *Livingston*, 2 J. C. R. 541. The Farmers Fire Insurance and Loan Company must be decreed to accompany the conveyance by a deed of release to the complainants; and, inasmuch as they have rendered this suit necessary by their omission or neglect to procure and convey to the complainants a good title in fulfilment of their contract, they must pay all the costs of this suit.

The following form of decretal order, as settled by the Vice-Chancellor, was entered:

" This cause coming on to be heard on bill taken *pro confesso* against the defendants, George Tibbits, Jacob L. Lane, John T. McCoun, Elizabeth Wait Tibbets and Margaret McCoun Tibbets; and on bill, answer, pleadings and proofs as regards all

the other defendants; and upon hearing Mr. Charles Edwards of counsel for the complainants, Mr. John L. Graham, of counsel for the defendants, the Farmer's Fire Insurance and Loan Company of the city of New-York, and Mr. William H. Bulkley, of counsel for the infant defendants, and due deliberation having been had: IT IS ORDERED, ADJUDGED AND DECREED and the court doth hereby declare, that the complainants are entitled to a specific performance of the agreement of the seventeenth day of March, one thousand eight hundred and thirty-five, mentioned in the pleadings in this cause, and the same is decreed accordingly. *And it is hereby also declared* that the legal title of the lands and premises mentioned in the said agreement, which was in Elisha Tibbits now deceased and in the bill mentioned as a trustee for the said the Farmer's Fire Insurance and Loan Company, did descend, at his death, and has vested in his children the defendants Howard Tibbits, Tom McCoun Tibbits, Elizabeth Wait Tibbits, Margaret McCoun Tibbits and Sarah Matilda Tibbits as his heirs at law; and that the same lands and premises did not vest in his executors under the devise to them contained in his last will and testament. *And it is hereby further ordered, adjudged and decreed* that the said Howard Tibbits, Tom McCoun Tibbits, Elizabeth Wait Tibbits, Margaret McCoun Tibbits and Sarah Matilda Tibbits execute a conveyance to the complainants, the form whereof shall be settled and approved by Frederick De Peyster, Esquire, one of the masters of this court, and so that the guardian *ad litem* for such of the said children as are infants execute such conveyance on their behalf and as their act and deed; and that the said defendants the Farmers Fire Insurance and Loan Company execute a

deed of release to the said complainants of the lands and premises aforesaid, with covenants of title and warrantee, pursuant to the terms of the said agreement; and that, upon the delivery of such conveyance and release to the complainants, the said complainants shall execute and deliver to the said defendants the Farmer's Fire Insurance and Loan Company a bond and mortgage in fulfilment of and pursuant to the terms of the said agreement on their part. *And it is also hereby ordered, adjudged and decreed* that the said defendants, the Farmer's Fire Insurance and Loan Company, pay to the complainants their costs of this suit to be taxed; and also the costs of the guardian *ad litem* for the infant defendants to be taxed; and that the said parties respectively have execution for the same pursuant to the course and practice of this court."