## NEWPORT COUNTY.

ELLEN K. BUFFUM, Appellant, *vs.* THE TOWN COUNCIL OF THE TOWN OF TIVERTON.

Trust estates will not pass under a general devise where there is a charge of debts or legacies, or of debts and legacies.

Testamentary provision as follows:

"I give, devise, and bequeath, subject to the payment of my just debts, funeral charges, and expenses of settling my estate, all my property and estate of every name and nature, wherever situate, to my wife E., her heirs and assigns forever, in full confidence that she in her wisdom will make every needful provision for my children."

*Held,* that the testator's trust estates did not pass under this devise.

EXCEPTIONS to the Court of Common Pleas.

*Providence, November* 23, 1889. DURFEE, C. J. This is a petition for the new trial, in the Court of Common Pleas, of an appeal taken to said court from the doings and decree of the town council of the town of Tiverton, laying out and establishing a highway in said town. The appeal was taken by Ellen K. Buffum, as owner of land over which the highway was laid. The reasons of appeal alleged by her are that the highway was unnecessary, that the three men appointed to mark it out did not attempt to agree with her in regard to her damages, that no notice was given to her of the doings of said council or of said three men, and that no damages were awarded to her for the land taken. The appeal came on for trial in the Court of Common Pleas at the November Term, A. D. 1888, and thereupon the appellant moved to quash the proceeding, because no notice had been given her as required by Pub. Stat. R. I. cap. 64, § 6.[1] The appellees ad-

---

[1] As follows :

" SECT. 6. The town council thereupon shall cause notice to be given to all persons interested in the land through which such highway is laid, to appear before them, if they see fit, and be heard for and against receiving the report; notice to persons interested as aforesaid living without the state shall be given by advertisement, three weeks successively, in some newspaper published within the State, and, where their residence is known, also by letter, post-paid, duly mailed to them by the council clerk."

mitted that the notice had not been given, and claimed that the appellant had no interest in the land taken, and was therefore not entitled to notice. The appellant, to support her claim, put in evidence a deed from one Benjamin Barker, formerly an owner of the land, to one Benjamin Buffum, made and duly recorded in 1874, conveying the land to said Buffum in trust for the uses and purposes set forth in a declaration of trust of even date therewith, which declaration was not recorded, and also the will of said Buffum, of later date than said deed, he having deceased. The provision of the will under which the appellant, who is the widow of said Buffum, claimed, was as follows, to wit: " I give, devise, and bequeath, subject to the payment of my just debts, funeral charges, and expenses of settling my estate, all my property and estate of every name and nature, wherever situate, to my wife Ellen K. Buffum, her heirs and assigns forever, in full confidence that she in her wisdom will make every needful provision for my children." The appellees contended that no title to the land in question passed by the will, and offered to prove that Barker had continued to occupy it ever since the trust deed was executed. The court, being of opinion that the legal title was in the appellant by virtue of said deed and will, and that she was therefore entitled to notice, quashed the proceedings in compliance with the appellant's motion, and gave her judgment for costs. The appellees excepted.

It seems to be well settled now, both in England and in this country, that trust estates will pass under a general devise, unless it can be gathered from the expressions of the will, or from the purposes of the testator, or from the limitations imposed, that the testator did not intend to have them pass. 2 Jarman on Wills, *695; 1 Lewin on Trusts, *227; Hill on Trustees, *283 ; Perry on Trusts, §§ 336, 337. The devise here was general, but was made subject to the payment of debts, funeral charges, and the expenses of administration. What effect has such a charge on the construction of the devise ? In *In re Bellis' Trusts*, L. R. 5 Ch. Div. 504, decided A. D. 1877, the question was examined by Jessel, M. R. with characteristic fulness and ability, and he gave it as his conclusion that, according to English authority, trust estates will not pass under a general devise, where there is a charge of debts

or of legacies, or of debts and legacies, citing *Doe dem. Reade* v. *Reade*, 8 Term Rep. 118 ; *In re Horsfall*, M'Cl. & Y. 292 ; *Doe dem. Roylance* v. *Lightfoot*, 8 M. & W. 553 ; *Hope* v. *Liddell*, 21 Beav. 183, and dissenting decidedly from a different decision by Vice Chancellor Malins in *In re Brown & Sibleys Contract*, L. R. 3 Ch. Div. 156. We do not think there can be any doubt of the correctness of Jessel's decision on English authority. Under that decision, if we are warranted in following it, the trust estate in question here did not pass. We see no reason why we should not follow it, since it commends itself, and we know of no American decision which is in conflict with it. And see *Merritt* v. *Farmers' Fire Insur. & Loan Co.* 2 Edw. Ch. 547. Here, moreover, the property is devised by the testator to his widow, " in full confidence that she in her wisdom will make every needful provision for his children," which clearly imports that he devises it to her in full confidence that out of it she will provide, so far as needful, for his children as well as for herself. The inference is that the devise was not intended to include the trust estate.

*Ordered that the judgment of the Court of Common Pleas quashing the proceeding appealed from be, and the same is hereby set aside and reversed, and that a trial of said appeal be, and the same is hereby granted in the Court of Common Pleas.*

*Francis B. Peckham & William P. Sheffield, Jun.*, for appellant.

*James F. Jackson & Walter F. Angell*, for appellees.